UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

x

BRUCE CARPER, Individually and on Behalf of All Others Similarly Situated,

               Plaintiff,

   vs.

TMC THE METALS COMPANY INC. F/K/A SUSTAINABLE OPPORTUNITIES ACQUISITION CORP., GERARD BARRON, and SCOTT LEONARD,

               Defendants.

Civil Action No. 1:21-cv-05991-EK-SJB

**DATE OF SERVICE: December 27, 2021**

---

x

PHUOC CHAN TRAN, Individually and on Behalf of All Others Similarly Situated,

               Plaintiff,

   vs.

TMC THE METALS COMPANY INC. F/K/A SUSTAINABLE OPPORTUNITIES ACQUISITION CORP., GERARD BARRON, and SCOTT LEONARD,

               Defendants.

Civil Action No. 1:21-cv-06325-ARR-CLP

---

x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

4887-7580-8519.v1

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ..................................................................................................................1

II.  FACTUAL BACKGROUND ..............................................................................................2

III. ARGUMENT .......................................................................................................................4

    A.   The Related Actions Should Be Consolidated........................................................4

    B.   Mr. Afaneh Should Be Appointed Lead Plaintiff .................................................4

        1.   Mr. Afaneh's Motion Is Timely................................................................5

        2.   Mr. Afaneh Possesses a Large Financial Interest .....................................5

        3.   Mr. Afaneh Otherwise Satisfies Rule 23 ..................................................5

    C.   Mr. Afaneh's Selection of Counsel Should Be Approved......................................7

IV.  CONCLUSION....................................................................................................................9

4887-7580-8519.v1

## TABLE OF AUTHORITIES

**Page**

### CASES

*Batwara v. Infosys Ltd.*,
No. 1:19-cv-05959 (E.D.N.Y. Jan. 13, 2020) ..................................................................7

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
No. 8:15-cv-00865-AG (C.D. Cal.) ...............................................................................8

*In re Am. Realty Capital Props., Inc. Litig.*,
No. 1:15-mc-00040-AKH (S.D.N.Y. Jan. 21, 2020) ..................................................7, 8

*In re Cardinal Health, Inc. Sec. Litig.*,
No. 2:04-cv-00575-ALM (S.D. Ohio) .............................................................................8

*In re Enron Corp. Sec. Litig.*,
No. 4:01-cv-03624 (S.D. Tex.) .......................................................................................8

*In re HealthSouth Corp. Sec. Litig.*,
No. 2:03-cv-01500-KOB-TMP (N.D. Ala.).....................................................................9

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
No. 1:01-cv-01451-REB-KLM (D. Colo.) .....................................................................9

*In re UnitedHealth Group Inc. Sec. Litig.*,
No. 0:06-cv-01691-JMR-FLN (D. Minn.).......................................................................8

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
No. 3:15-cv-07658-MAS-LHG (D.N.J.)...........................................................................8

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ......................................................................................5

*Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*,
No. 1:02-cv-05893 (N.D. Ill.) .........................................................................................8

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
No. 1:08-cv-10783 (S.D.N.Y. May 2, 2016) ...................................................................8

*Smilovits v. First Solar, Inc.*,
No. 2:12-cv-00555-DGC (D. Ariz.)..................................................................................8

*Teamsters Local Union No. 727 Pension Fund v. Vanda Pharm. Inc.*,
2019 WL 7287202 (E.D.N.Y. May 24, 2019) .............................................................5, 6, 7

4887-7580-8519.v1

**Page**

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§78u-4(a)(1) ..............................................................................................................4
§78u-4(a)(3)(A)(i) .....................................................................................................4
§78u-4(a)(3)(B)(i) ..................................................................................................1, 4
§78u-4(a)(3)(B)(ii) .................................................................................................1, 4
§78u-4(a)(3)(B)(iii) ................................................................................................1, 4
§78u-4(a)(3)(B)(iii)(I)(cc) ........................................................................................5
§78u-4(a)(3)(B)(v) .................................................................................................1, 7

Federal Rules of Civil Procedure
Rule 23 ...............................................................................................................1, 4, 5
Rule 42(a)..............................................................................................................1, 4

4887-7580-8519.v1

## I.    INTRODUCTION

Presently pending in this District are two related securities class action lawsuits (the "Related Actions") on behalf of purchasers of TMC the metals company Inc. f/k/a Sustainable Opportunities Acquisition Corp. ("TMC" or the "Company") securities between March 4, 2021 and October 5, 2021 (the "Class Period"), against TMC and certain of its top executives, alleging violations of the Securities Exchange Act of 1934 ("1934 Act").[1]  The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, because common questions of law and fact are involved in the Related Actions, consolidation is appropriate.  *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, Ali S. Afaneh should be appointed as lead plaintiff because he: (1) timely filed this motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Court should approve Mr. Afaneh's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

---

[1]    The Related Actions are *Carper v. TMC the metals Company Inc.*, No. 1:20-cv-05991-EK-SJB (filed on October 28, 2021) and *Tran v. TMC the metals company Inc*, No. 1:21-cv-06325-ARR-CLP (filed on November 15, 2021).

- 1 -

## II.    FACTUAL BACKGROUND

Headquartered in Canada, TMC is a deep-sea minerals exploration company focused on the collection, processing, and refining of polymetallic nodules found on the seafloor of the Clarion Clipperton Zone of the Pacific Ocean.   Deep sea exploration rights are regulated by the International Seabed Authority ("ISA").   TMC's primary assets are three exploration licenses granted by the ISA.   These licenses, which are held via three subsidiaries, are: (i) Nauru Ocean Resources Inc. ("NORI"); (ii) Marawa Research and Exploration Limited ("Marawa"); and (iii) Tongo Offshore Mining Limited ("TOML").

On March 4, 2021, DeepGreen Inc. announced that it had entered into a business combination agreement with Sustainable Opportunities Acquisition Corporation, a special purpose acquisition company ("SPAC") with a dedicated Environmental, Social, and Governance focus.   Upon closing of the merger, the combined company was renamed TMC the metals company Inc.   The combined company, TMC, began trading on the NASDAQ under the ticker symbol "TMC" on September 10, 2021.

The complaints allege that, throughout the Class Period, defendants made false and misleading statements and failed to disclose that: (i) TMC had significantly overpaid for the TOML acquisition to undisclosed insiders; (ii) TMC had artificially inflated its NORI exploration expenditures to give investors a false scale of its operations; (iii) TMC's purported 100% interest in NORI was questionable given prior disclosures to the ISA that NORI was wholly owned by two Nauruan foundations and that all future income from NORI would be used in Nauru; (iv) defendants had significantly downplayed the environmental risks of deep-sea mining polymetallic nodules and failed to adequately warn investors of the regulatory risks faced by TMC's environmentally risky exploitation plans; (v) TMC's private investment in public equity ("PIPE")

- 2 -

4887-7580-8519.v1

financing was not fully committed and, therefore, TMC would not have the cash necessary for large sale commercial production; (vi) as a result of the foregoing, TMC's valuation was significantly less than defendants disclosed to investors; and (vii) as a result, defendants' public statements were materially false and/or misleading at all relevant times.

On September 13, 2021, *Bloomberg* published an article revealing that two investors had failed to provide $330 million as part of the PIPE component of TMC's go-public deal. The article also questioned TMC's "green credentials," revealing that "[e]nvironmentalists claim that TMC's activities will damage sensitive ecosystems and destroy vital biodiversity" and that "[s]ince the SPAC deal was announced in March, more than 500 scientists have signed a letter calling for a moratorium on deep-sea mining until the environmental risks are better understood." ECF No. 1 at ¶6. On this news, TMC's share price fell by more than 20% over the next two trading days.

Then, on October 6, 2021, market research firm Bonitas Research released a report detailing multiple issues plaguing TMC, including that: (i) TMC had overpaid on licenses to potential undisclosed insiders; (ii) TMC had artificially inflated exploration expenses by more than 100% to mislead investors about the scale of its operations; (iii) there are reasons to question TMC's ownership claim of NORI; and (iv) TMC's history of affiliating with bad actors. On this news, TMC's share price fell by more than 7%, further damaging investors.

As a result of defendants' wrongful acts and omissions, and the decline in the market value of TMC's securities, Mr. Afaneh and other class members have suffered significant losses and damages.

4887-7580-8519.v1

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions.  Fed. R. Civ. P. 42(a).

Here, the Related Actions present nearly identical factual and legal issues, allege identical claims in an identical Class Period, and name identical defendants.  Consolidation will prevent needless duplication and possible confusion, as well as potentially inconsistent jury verdicts.  There is also little or no risk of prejudice to the parties from consolidation.  Accordingly, the Related Actions should be consolidated.

### B.    Mr. Afaneh Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  Mr. Afaneh meets each of these requirements and should therefore be appointed Lead Plaintiff.

4887-7580-8519.v1

### 1.    Mr. Afaneh's Motion Is Timely

On October 28, 2021, the statutory notice for the first-filed *Carper* action was published on *Business Wire*, which advised class members of the pendency of the action, the alleged claims, its class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days, which is December 27, 2021.  *See* Declaration of David A. Rosenfeld in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.  Because Mr. Afaneh's motion was timely filed by the statutory deadline, he is eligible for appointment as lead plaintiff.

### 2.    Mr. Afaneh Possesses a Large Financial Interest

As indicated in his Certification and loss chart, Mr. Afaneh purchased 16,000 shares of TMC common stock during the Class Period and suffered approximately $19,500 in losses as a result of defendants' alleged wrongdoing.  *See* Rosenfeld Decl., Exs. B, C.  To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3.    Mr. Afaneh Otherwise Satisfies Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Typicality and adequacy of representation are the only provisions of Rule 23 relevant to the determination of lead plaintiff under the PSLRA.  *See Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007).  "The typicality requirement is satisfied 'where the claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability.'"  *Teamsters Local Union No. 727 Pension Fund v. Vanda Pharm. Inc*., 2019 WL 7287202, at *4 (E.D.N.Y. May 24, 2019) (citation omitted).  "The adequacy requirement is satisfied where 'class counsel is qualified, experienced, and generally able to conduct the litigation;

- 5 -

. . . the proposed lead plaintiff has interests that are not antagonistic to other class members; and . . . the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims.'" *Id.* (citation omitted).

Mr. Afaneh satisfies the typicality requirement because, just like all other class members, he purchased TMC securities during the Class Period and suffered damages resulting from defendants' alleged wrongdoing. Consistent with the PSLRA, Mr. Afaneh's Certification sets forth his transactions in TMC securities during the Class Period. Mr. Afaneh has not conflated his own financial interest with the TMC transactions of any third-party entities in which Mr. Afaneh may have invested. As such, Mr. Afaneh has a significant direct interest in the outcome of this action, ensuring that he will vigorously represent the class.

In addition, Mr. Afaneh is an adequate representative of the class because his interests are aligned with the interests of the putative class and there is no evidence of any antagonism between Mr. Afaneh's interests and the class's interests. Mr. Afaneh's sizable loss provides the requisite interest to ensure vigorous advocacy. Mr. Afaneh has amply demonstrated his adequacy by signing a sworn Certification and Declaration affirming his willingness to serve as, and to assume the responsibilities of, lead plaintiff. *See* Rosenfeld Decl., Exs. B, D. Mr. Afaneh's Declaration – which sets forth his residence, professional background, and other qualifications – establishes his *prima facie* adequacy showing and enables the Court and absent class members to independently assess Mr. Afaneh's ability to satisfy the Rule 23's prerequisites. *See id*., Ex. D. Finally, as explained below, Mr. Afaneh has selected experienced and qualified counsel, further evidencing his ability to fairly and competently represent the interests of the putative class.

- 6 -

Because Mr. Afaneh filed a timely motion, has a sizable financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

### C.    Mr. Afaneh's Selection of Counsel Should Be Approved

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, Mr. Afaneh has selected Robbins Geller to serve as lead counsel for the proposed class.[2]

Robbins Geller, a 200-attorney nationwide law firm with multiple offices in New York, regularly practices complex securities litigation. The Firm's securities practice group includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including within this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See*, *e.g.*, *Batwara v. Infosys Ltd.*, No. 1:19-cv-05959, ECF No. 20 (E.D.N.Y. Jan. 13, 2020) (appointing Robbins Geller as lead counsel in securities case); *Vanda*, 2019 WL 7287202, at *4 (appointing Robbins Geller as lead counsel in securities case); *see also In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (concerning Robbins Geller's role as lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me

---

2    For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (concerning Robbins Geller's role as lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers. They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law. I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute . . . . Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job.").

Notably, in 2020, Robbins Geller recovered more than $1.4 billion on behalf of investors as sole lead counsel in securities class action cases, including $1.02 billion in *Am. Realty* and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). And, in 2021, Robbins Geller, as sole lead counsel, has secured final approval of a $1.21 billion recovery in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.). Robbins Geller attorneys have obtained the largest securities fraud class action recovery in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

---

[3]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D.

- 8 -

Mr. Afaneh's selection of Robbins Geller as proposed lead counsel is reasonable and should be approved.

## IV.   CONCLUSION

The Related Actions share common legal and factual questions and should be consolidated. In addition, Mr. Afaneh has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, Mr. Afaneh respectfully requests that the Court grant his motion.

DATED:  December 27, 2021                Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

---

Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 9 -

4887-7580-8519.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiffs

- 10 -

4887-7580-8519.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 27, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4887-7580-8519.v1

Case 1:21-cv-05991-EK-PK    Document 15    Filed 12/27/21    Page 16 of 16 PageID #: 348

# Mailing Information for a Case 1:21-cv-05991-EK-SJB Carper v. TMC the metals company Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Apton**
  aapton@zlk.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,lobas@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)