## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GUILLERMO SANCHEZ, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:21-cv-19374-KM-JBC |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| HÖEGH LNG PARTNERS LP, SVEINUNG J. S. STØHLE, HÅVARD FURU, and STEFFEN FØREID, | |
| Defendants. | |
| ARTHUR F. ROIZMAN, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:21-cv-19613-KM-JBC |
| Plaintiff, | CLASS ACTION |
| v. | |
| HÖEGH LNG PARTNERS LP, SVEINUNG J. S. STØHLE, HÅVARD FURU, and STEFFEN FØREID, | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF OSCAR GONZALEZ'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPOINTMENT OF LEAD COUNSEL

## INTRODUCTION

Presently pending in this District are two related securities class actions (the "Related Actions") brought on behalf of purchasers of Höegh LNG Partners LP (the "Partnership") common stock between August 22, 2019 and July 27, 2021, inclusive (the "Class Period"), which allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78(j)(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Oscar Gonzalez ("Proposed Lead Plaintiff") hereby moves this Court for an order: (1) consolidating the Related Actions; (2) appointing Mr. Gonzalez as Lead Plaintiff; (3) approving his selection of Block & Leviton LLP to serve as Lead Counsel and Schnader Harrison Segal & Lewis LLP to serve as Local Counsel; and (4) providing any additional relief that the Court may deem just and proper.

This motion is made on the grounds that Mr. Gonzalez is the most adequate plaintiff as defined by the PSLRA because he believes he possesses the largest financial interest in the relief sought by the class, having lost approximately $225,938 on his purchases of Partnership shares. Proposed Lead Plaintiff's claims are also typical of the claims of the putative class, and Proposed Lead Plaintiff will fairly and adequately represent the interests of the class. He is, therefore, the presumptive Lead Plaintiff.

Accordingly, the Court should consolidate the Related Actions, appoint Mr. Gonzalez as Lead Plaintiff, and approve his selection of Block & Leviton as Lead Counsel and Schnader Harrison Segal & Lewis LLP as Local Counsel.

## FACTUAL BACKGROUND[1]

The Partnership was formed by Höegh LNG Holdings Ltd. ("Höegh LNG"), a floating liquified natural gas ("LNG") service provider that owns, operates, and acquires floating storage and regasification units ("FSRUs") along with the associated LNG infrastructure assets pursuant to long-term charters. ¶2. The Partnership has a 100% economic interest in the Indonesia-based vessel *PGN FSRU Lampung*. *Id. PGN FSRU Lampung* was built in 2014 and operates under a time charter with PGN LNG, a subsidiary of PT Perusahaan Gas Negara (Persero) Tbk, a subsidiary of PT Pertamina, an Indonesian government-controlled oil and gas company. ¶23.

The Partnership issued a press release on July 27, 2021 announcing: (i) a reduction in its quarterly cash distribution per unit down from $0.44 per common unit in the first quarter of 2021 to $0.01 per common unit for the second quarter of 2021; (ii) the refinancing of the *PGN FSRU Lampung* credit facility was not yet complete despite previously being scheduled to close by the end of the second

---

[1] The facts are taken from the Complaint in the first-filed *Sanchez* action that was filed in this case (ECF No. 1). References to "¶" refer to that Complaint.

quarter of 2021 due to the failure by the charterer of the *PGN FSRU Lampung* to consent to and countersign documents related to the new credit facility; (iii) the charterer of the *PGN FSRU Lampung* stated it would commence arbitration proceedings to declare the charter null and void, terminate the charter, and/or would seek damages in relation to the operations of the vessel and its charter; (iv) the existing $85 million revolving credit line from Höegh LNG would not be extended upon its January 2, 2023 maturity; and (v) Höegh LNG would have limited capacity to extend any additional advances to the Partnership beyond the amount already drawn under the facility. ¶3.

Following this announcement, the common unit price of the Partnership dropped over 60% on unusually heavy trading volume on July 28, 2021, damaging investors. ¶4.

On July 28, 2021, an article published by *Argus Media* noted low utilization at the Lampung import terminal since coming online in 2014, noting three cargoes in 2021, none in 2020, and only six in 2019. ¶40. Then on August 30, 2021, an Indonesian business news organization, *Kontan*, published an article noting, amongst other things, that the *PGN FSRU Lampung* was not optimal due to its high price, low utilization rates, and a lack of demand leading to double storage. ¶41.

The wrongful acts and omissions of the Defendants contributed to the significant drop in value of the Partnership's shares, resulting in significant losses

and damaged suffered by Plaintiff and other Class members. ¶42.

## ARGUMENT

**I.     The Related Actions Should Be Consolidated**

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

There are currently two related class actions against Defendants pending in this District: *Sanchez v. Höegh LNG Partners LP, et al.,* No. 2:21-cv-19374 (the "*Sanchez* Action"), and *Roizman v. Höegh LNG Partners LP, et al.,* No. 2:21-cv-19613 (the "*Roizman* Action"). Consolidation is appropriate where, as here, the actions are pending in the same court and involve common question of fact or law. *See* Fed. R. Civ. P. 42(a). Moreover, cases should be consolidated where there is "more than one action on behalf of a class asserting substantially the same claim or claims." 15 U.S.C. § 78u-(b)(ii); *See also Lifestyle Invs., LLC v. Amicus Therapeutics, Inc., et al.,* No. 3:15-cv-7350 (FLW) (DEA), 2016 WL 3032684, at *3 (D.N.J. May 26, 2016).

The Related Actions assert the same claims based on the same or similar legal and factual allegations against the same defendants. Moreover, the Related Actions

allege a similar class period.[2] The slight differences do not negate the appropriateness of consolidation under Fed. R. Civ. P. 42(a) and the PSLRA. *See, e.g., Roby v. Ocean Power Techs.,* No. 14-cv-3799, 2015 U.S. Dist. LEXIS 42388, at *8-9 (D.N.J. Mar. 17, 2015) (consolidating cases where there are "slight differences" in the pending actions, but all "involve the same subject matter, are based on substantially the same conduct, and largely name the same defendants."). Additionally, the interests of judicial economy weigh heavily in favor of consolidation given the substantial overlap of common questions of law and fact. *See Devlin v. Transp. Commc'ns Int'l Union,* 175 F.3d 121, 130 (2d Cir. 1999). The Court should therefore consolidate the Related Actions and any other subsequently filed or transferred shareholder actions that relate to the claims in this matter.

## II. The Court Should Appoint Mr. Gonzalez as Lead Plaintiff

### A. The Procedure Required by the PSLRA

The PSLRA established a procedure governing the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as

---

[2] Both Related Actions allege a class period ending on July 27, 2021. The *Sanchez* Action begins on August 22, 2019, while the *Roizman* Action begins on April 3, 2020. For purposes of determining which movant has the largest financial interest at this lead plaintiff selection stage, courts generally use the longest class action on file. *See, e.g., Hom v. Vale, S.A.*, No. 15-cv-9539, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) (noting that the general practice in conducting lead plaintiff motion practice is to use the "longer, most inclusive" class period available on the theory that it "encompasses more potential members and damages").

a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, December 27, 2021), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is "the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . .; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

**B.** **Mr. Gonzalez Has Timely Moved for Lead Plaintiff Appointment**

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Mr. Gonzalez timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Mr. Gonzalez has signed a certification pursuant to the PLRSA. *See* Block Decl.[3] Ex. C. He has selected and retained qualified counsel to represent him and the proposed class. *See* Block Decl. Exs. E, F.

**C.** **Mr. Gonzalez Has the Largest Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, Proposed Lead Plaintiff's accompanying signed certification and loss chart, Mr. Gonzalez incurred a substantial loss of approximately $225,938 on his class period transactions in Partnership securities. *See* Block Decl. Exs. C, D. These losses are calculated using a "Last In First Out" methodology. At the time of this filing, Proposed Lead Plaintiff believes that he possesses the largest financial interest of any movant seeking lead plaintiff status.

**D.** **Mr. Gonzalez Otherwise Satisfies Rule 23**

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil

---

[3] References to the "Block Decl." are to the Declaration of Jeffrey C. Block, filed contemporaneously herewith.

Procedure." 15 U.S.C. §78u4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). "'Typicality "requires that the claims of the class representatives be typical of those of the class and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id*. at 173-74 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(3). "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class....'" *Sgalambo*, 268 F.R.D. at 174 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(4).

Here, Proposed Lead Plaintiff's claims are typical because, like all members of the class, he purchased or otherwise acquired Partnership securities during the Class Period at prices artificially inflated by Defendants' wrongful conduct and suffered damages as a result thereof. Mr. Gonzalez's claims therefore arise from the same course of events as all class members and will require similar (if not identical) legal arguments to prove Defendants' liability.

Proposed Lead Plaintiff is also an adequate representative for the proposed class. His substantial financial interests in the outcome of the action demonstrates that his interests are aligned with those of the class. And, Mr. Gonzalez has selected highly experienced counsel committed to zealously and efficiently prosecuting these actions to a successful conclusion. *See* Block Decl. Exs. E, F. Thus, Proposed Lead Plaintiff satisfies the adequacy requirements of Rule 23(a)(4).

Because Mr. Gonzalez is the presumptive "most adequate plaintiff" under the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and no competing movant can rebut that presumption, the Court should appoint him Lead Plaintiff.

## III. The Court Should Appoint Proposed Lead Plaintiff's Choice of Counsel

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). Proposed Lead Plaintiff has selected Block & Leviton, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as lead counsel. Block Decl. Ex. E. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.). I find*

> *the experience garnered from such representations will benefit the shareholder in this suit.*

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21).

Likewise, Proposed Lead Plaintiff has selected highly experienced local counsel in Schnader Harrison Segal & Lewis LLP, *See* Block Decl., Ex. F. Accordingly, the Court should approve Proposed Lead Plaintiff's selection of Block & Leviton as Lead Counsel and Schnader Harrison Segal & Lewis LLP as Local Counsel.

## CONCLUSION

For the foregoing reasons, Mr. Gonzalez respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Mr. Gonzalez as Lead Plaintiff in the Action; (3) approve his selection of Lead Counsel and Local Counsel as set forth herein; and (4) grant such other relief as the Court may deem just and proper.

Dated: December 27, 2021

Respectfully submitted,

*/s/ Lisa J. Rodriguez*
**Schnader Harrison Segal & Lewis LLP**
Lisa J. Rodriguez
220 Lake Drive East, Suite 200
Cherry Hill, NJ 08002
(856) 482-5222 phone
(856) 482-5754 fax
Email: ljrodriguez@schnader.com

*Local Counsel for Mr. Gonzalez*

AND

*/s/ Jeffrey C. Block*
Jeffrey C. Block, *pro hac vice* to be filed
Jacob A. Walker, *pro hac vice* to be filed
Daniel P. Paglia, *pro hac vice* to be filed
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockleviton.com
jake@blockleviton.com
dan@blockleviton.com

*Attorneys for Mr. Gonzalez and
Proposed Lead Counsel*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Lisa J. Rodriguez*
Lisa J. Rodriguez