# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRUCE CARPER, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-05991-EK-SJB |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| TMC THE METALS COMPANY INC. F/K/A SUSTAINABLE OPPORTUNITIES ACQUISITION CORP., GERARD BARRON, and SCOTT LEONARD, | |
| Defendants. | |
| PHUOC CHAN TRAN, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-06325-ARR-CLP |
| Plaintiff, | |
| v. | <u>CLASS ACTION</u> |
| TMC THE METALS COMPANY INC. F/K/A SUSTAINABLE OPPORTUNITIES ACQUISITION CORP., GERARD BARRON, and SCOTT LEONARD, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF THE TMC INVESTORS GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPOINTMENT OF LEAD COUNSEL**

**INTRODUCTION**

Before this Court is a securities class action brought on behalf of purchasers of TMC the metals company Inc. ("TMC" or the "Company") common stock between March 4, 2021 and October 5, 2021, inclusive (the "Class Period"), which alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

The TMC Investors Group ("Proposed Lead Plaintiff") hereby moves this Court for an order: (i) consolidating the other securities fraud class action lawsuit against TMC filed in this district under the lowest-numbered *Carper* docket; (ii) appointing the TMC Investors Group as Lead Plaintiff; and (iii) approving its selection of Block & Leviton LLP to serve as Lead Counsel.

This motion is made on the grounds that the TMC Investors Group is the most adequate plaintiff as defined by the PSLRA because Proposed Lead Plaintiff believes it possesses the largest financial interest in the relief sought by the class, having lost approximately $2,675,167 on its purchases of TMC shares. Proposed Lead Plaintiff's claims are also typical of the claims of the putative class, and Proposed Lead Plaintiff will fairly and adequately represent the interests of the class. The TMC Investors Group is, therefore, the presumptive Lead Plaintiff.

Accordingly, the Court should consolidate the related pending securities actions against TMC, appoint TMC Investors Group as Lead Plaintiff and approve Block & Leviton as Lead Counsel.

**FACTUAL BACKGROUND**[1]

TMC is a Canadian deep-sea minerals exploration company engaged in the collection, processing, and refining of polymetallic nodules found on the seafloor of a particular area of the Pacific Ocean. ¶3. The Company's business is purported to supply metals recovered from the seafloor for use in electric vehicle batteries with minimal environmental and social impact. *Id.*

On March 4, 2021, DeepGreen Inc. ("DeepGreen") issued a press release announcing it had entered into a business combination agreement with Sustainable Opportunities Acquisition Corporation ("SOAC"), a special purpose acquisition company ("SPAC") with a focus on Environmental, Social, and Governance ("ESG"). ¶2. The combined company was renamed TMC the metals company Inc. and began trading on the NASDAQ on September 10, 2021. *Id.* The press release stated, "The transaction includes an upsized US$330 million fully committed common stock Private Investment in Public Equity ("PIPE") at US $10.00 per share, anchored by an international consortium of strategic and institutional investors…" ¶26.

Deep sea exploration and mining in international waters are regulated by the International Seabed Authority ("ISA") per authorization by the United Nations. ¶4. TMC owns three exploration licenses granted by the ISA, which are held via its subsidiaries: (i) Nauru Ocean Resources Inc. ("NORI"); (ii) Marawa Research and Exploration Limited ("Marawa"); and (iii) Tongo Offshore Mining Limited ("TOML"). ¶5.

On August 13, 2021, SOAC issued a Proxy Statement with the SEC which was signed by Defendants Leonard and Barron, stating amongst other things, that on March 31, 2020, DeepGreen acquired the TOML Exploration Contract with the ISA from Deep Sea Mining for a total purchase

---

[1] The facts are taken from the Complaint that was filed in *Carper v. TMC the metals company, Inc., et al.,* No. 1:21-cv-05991-EK-SJB (ECF No. 1). References to "¶" refer to that Complaint.

price of $23 million. ¶31. The August 5, 2021 Form S-4, which was also signed by Defendants Barron and Leonard, valued the TOML license at nearly $43 million. ¶32.

On September 13, 2021, a *Bloomberg* article revealed that two investors failed to provide $330 million as a component of TMC's going public. ¶6. The same article highlighted environmental concerns related to TMC's activities and noted a group of scientists were calling for a temporary moratorium on deep-sea mining to access environmental risks. *Id.* On this news, shares of TMC common shares fell over 20% over the following two trading days, damaging investors. ¶7.

On October 6, 2021, before the market opened, research firm Bonitas Research issued a report detailing problems at TMC, alleging (i) TMC overpaid on licenses to potential undisclosed insiders; (ii) the Company misled investors about the scale of its business by artificially inflating exploration expenses; (iii) TMC's ownership claim of NORI was questionable; and (iv) the Company had a history of affiliating with alleged bad actors. ¶8. On this news, shares of TMC common shares fell more than 7% on October 6, 2021, further damaging investors.

Defendants made false and/or misleading statements and/or failed to disclose that (1) the Company significantly overpaid for the TOML acquisition to undisclosed insiders; (2) the Company artificially inflated its NORI exploration expenditures to give investors a false scale of its operation; (3) the Company's purported 100% interest in NORI was questionable based on previous disclosures made to the ISA that NORI was wholly owned by two Nauruan foundations; (4) Defendants downplayed the environmental risks associated with deep-sea mining of polymetallic nodules and failed to warn investors of potential regulatory risks; (5) the Company's PIPE financing was not fully committed as previously stated; (6) as a result of the foregoing, the Company's valuation was significantly lower than Defendants led investor to believe; and (7) as a

result, public statement made by Defendants were materially false and/or misleading at all relevant times. ¶35.

**ARGUMENT**

**I.       The Court Should Consolidate These Actions**

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

There are currently two related class actions against TMC pending in this District: *Carper v. TMC the metals company, Inc., et al.*, No. 1:21-cv-05991-EK-SJB, and *Tran v. TMC the metals company, Inc., et al.,* No. 1:21-cv-06325-ARR-CLP. Consolidation is appropriate where, as here, the actions are pending in the same court and involve common question of fact or law. *See* Fed. R. Civ. P. 42(a); *See also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Moreover, cases should be consolidated where there is "more than one action on behalf of a class asserting substantially the same claim or claims." 15 U.S.C. § 78u-(b)(ii).

The two actions assert the same claims based on the same or similar legal and factual allegations and allege an identical Class Period. Additionally, the interests of judicial economy weigh heavily in favor of consolidation given the substantial overlap of common questions of law and fact. *See Devlin v. Transp. Commc'ns Int'l Union,* 175 F.3d 121, 130 (2d Cir. 1999). The Court should therefore consolidate the above-captioned actions and any other subsequently filed or transferred shareholder actions that relate to the claims in this matter.

**II. The Court Should Appoint TMC Investors Group as Lead Plaintiff.**

    **A.    The Procedure Required by the PSLRA**

The PSLRA established a procedure governing the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, December 27, 2021), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is "the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . .; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

    **B.    TMC Investors Group Has Timely Moved for Lead Plaintiff Appointment**

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, TMC Investors Group timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. The members of the TMC Investors Group have

signed certifications pursuant to the PLRSA. *See* Block Decl.,[2] Ex. C. The TMC Investors Group

has selected and retained qualified counsel to represent it and the proposed class. *See* Block Decl.

Ex. E.

### C. TMC Investor Group Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, Proposed Lead Plaintiff's

accompanying signed certifications and loss chart, TMC Investor Group incurred a substantial loss

of approximately $2,675,167 on its class period transactions in TMC securities. *See* Block Decl.

Exs. C, D. These losses are calculated using a "Last In First Out" methodology.  At the time of

this filing, Proposed Lead Plaintiff believes that it possesses the largest financial interest of any

movant seeking lead plaintiff status.

### D. TMC Investor Group Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise

satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C.

§78u4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff stage of the litigation, in contrast to the class

certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will

satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D.

170, 173 (S.D.N.Y. 2010) (citation omitted). "'Typicality "requires that the claims of the class

representatives be typical of those of the class and is satisfied when each class member's claim

arises from the same course of events, and each class member makes similar legal arguments to

prove the defendant's liability.'" *Id*. at 173-74 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(3).

"'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests

---

[2] References to the "Block Decl." are to the Declaration of Jeffrey C. Block, filed contemporaneously herewith.

that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class....'" *Sgalambo*, 268 F.R.D. at 174 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(4).

Here, Proposed Lead Plaintiff's claims are typical because, like all members of the class, it purchased or otherwise acquired TMC securities during the Class Period at prices artificially inflated by Defendants' wrongful conduct and suffered damages as a result thereof. TMC Investors Group's claims therefore arise from the same course of events as all class members and will require similar (if not identical) legal arguments to prove Defendants' liability.

The TMC Investor Group is also an adequate representative for the proposed class. Its substantial financial interests in the outcome of the action demonstrates that the TMC Investor Group's interests are aligned with those of the class. Thus, Proposed Lead Plaintiff satisfies the adequacy requirements of Rule 23(a)(4).

Because the TMC Investors Group is the presumptive "most adequate plaintiff" under the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and no competing movant can rebut that presumption, the Could should appoint the TMC Investors Group as Lead Plaintiff.

## III. The Court Should Appoint Proposed Lead Plaintiff's Choice of Counsel

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). Proposed Lead Plaintiff has selected Block & Leviton, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as lead counsel. Block Decl. Ex. E. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean*

> *Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.*

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21).

Accordingly, the Court should approve Proposed Lead Plaintiffs' selection of Block & Leviton as lead counsel.

## CONCLUSION

For the foregoing reasons, the TMC Investors Group respectfully requests that the Court: (i) consolidate the other securities fraud class action lawsuit against TMC filed in this district under the lowest-numbered *Carper* docket; (ii) appoint the TMC Investors Group as Lead Plaintiff in the Action; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

Dated: December 27, 2021

Respectfully submitted,

*/s/ Jeffrey C. Block*
Jeffrey C. Block
Jacob A. Walker, *pro hac vice* to be filed
Daniel P. Paglia, *pro hac vice* to be filed
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockleviton.com
jake@blockleviton.com
dan@blockleviton.com

*Attorneys for the TMC Investors Group and Proposed Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ Jeffrey C. Block
Jeffrey C. Block