**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE TMC THE METALS COMPANY INC. SECURITIES LITIGATION | Master File No. 21-CV-5991-EK-SJB |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendants TMC the metals company Inc. ("TMC"), f/k/a Sustainable Opportunities Acquisition Corp. ("SOAC"), Gerard Barron, and Scott Leonard (together, "Defendants") respectfully request that this Court consider the documents attached as Exhibits 1-13 to the accompanying Declaration of Colleen C. Smith, in support of their Motion to Dismiss the Amended Complaint ("AC" or "Complaint") pursuant to the incorporation-by-reference doctrine and Rule 201 of the Federal Rules of Evidence ("FRE").

**DISCUSSION**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b), the Court may consider "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," in addition to any document that is "'integral' to the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)); *see also In re Chembio Diagnostics, Inc. Sec. Litig.*, 2022 WL 541891, at *6 (E.D.N.Y. Feb. 23, 2022) (courts may look to "documents incorporated by reference, public disclosure documents filed with the Securities and Exchange Commission ('SEC'), and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit" when deciding a motion to dismiss) (citation

omitted).  Additionally, the Court may judicially notice any fact "not subject to reasonable dispute

because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be

accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

FRE 201(b).  The Court "must take judicial notice if a party requests it and the court is supplied

with the necessary information."  *Id.* 201(c)(2).

As detailed below, the Court may consider the entirety of Exhibits 1-6, 9, and 12 under the

incorporation-by-reference doctrine, and may further take judicial notice of Exhibits 1-13.

| Exhibit No. | Document | AC Reference | Reason(s) for Consideration |
|---|---|---|---|
| 1 | March 4, 2021 Form 8-K, Press Release, and Subscription Agreements | ¶¶ 84-89 | • Incorporated by Reference<br>• SEC Filing (FRE 201(b)(2)) |
| 2 | August 5, 2021 Form S-4/A | ¶¶ 93, 95-96 | • Incorporated by Reference<br>• SEC Filing (FRE 201(b)(2)) |
| 3 | August 13, 2021 Proxy Statement on Form 424(b)(3) | ¶ 93 | • Incorporated by Reference<br>• SEC Filing (FRE 201(b)(2)) |
| 4 | September 13, 2021 *Bloomberg* Opinion Article | *Passim* | • Incorporated by Reference<br>• News Article (FRE 201(b)(2)) |
| 5 | October 6, 2021 Bonitas Short-Seller Report | *Passim* | • Incorporated by Reference<br>• News Article (FRE 201(b)(2)) |
| 6 | April 22, 2021 Kitco News Interview Transcript | ¶ 91 | • Incorporated by Reference<br>• News Article (FRE 201(b)(2)) |
| 7 | Defendants Barron and Leonard Form 4s | | • SEC Filing (FRE 201(b)(2)) |
| 8 | September 7, 2021 Form 8-K and Press Release | | • SEC Filing (FRE 201(b)(2)) |
| 9 | September 13, 2021 Complaints Filed in *SOAC v. Ethos Fund I, L.P.*, No. 1:21-cv-07640-GHW (S.D.N.Y. 2021) and *SOAC v. Ramas Cap. Mgmt., LLC*, No. 1:21-cv-07642 (S.D.N.Y. 2021) (the "Federal PIPE Lawsuits") | ¶ 98 | • Incorporated by Reference<br>• Court Filings (FRE 201(b)(2)) |
| 10 | September 20, 2021 Responses to Orders to Show Cause and Voluntary Dismissal Orders in the Federal PIPE Lawsuits | | • Court Filings (FRE 201(b)(2)) |

| Exhibit No. | Document | AC Reference | Reason(s) for Consideration |
|---|---|---|---|
| 11 | September 20, 2021 Complaints Filed in *SOAC n/k/a/ TMC the metals company, Inc. v. Ethos Fund I, LP*, Index No. 655527/2021 (N.Y. Sup. Ct. 2021) and *SOAC n/k/a TMC the metals company, Inc., v. Ramas Cap. Mgmt.*, Index No. 655528/2021 (N.Y. Sup. Ct. 2021) | | • Court Filings (FRE 201(b)(2)) |
| 12 | September 23, 2021 Investor Conference Presentation | ¶¶ 103, 104 | • Incorporated By Reference<br>• Public Information On Company Website (FRE 2021(b)(2)) |
| 13 | TMC Stock Price History | | • Stock Price Historical Data (FRE 201(b)(2)) |

### A.    Exhibits 1-6, 9, and 12 Are Incorporated by Reference

The Court may appropriately consider the entirety of Exhibits 1-6, 9, and 12 because they are cited and quoted throughout the Complaint, and are thus incorporated by reference. *See Carter v. JPMorgan Chasebank, N.A.*, 2018 WL 1083966, at *2 n.4 (S.D.N.Y. Feb. 26, 2018) ("[A] complaint is also deemed to include . . . 'materials incorporated in it by reference.") (internal quotation omitted). Plaintiffs extensively cite to and quote from Exhibits 1-3 and 6 because they allegedly contain false or misleading statements, and further cite to or quote from Exhibits 4-5 and 9 because they purportedly revealed the false nature of those statements. *See* AC ¶¶ 85-89, 91-93, 95-101, 106-113.  Plaintiffs also reference Exhibit 12 by claiming that Defendants made certain false or misleading statements at a September 23, 2021 "presentation," where the slide deck contained in this exhibit was "presented."  *Id.* ¶¶ 103, 104.  It is appropriate for the Court to consider the entirety of each document cited in the Complaint where, as here, the Complaint "make[s] a clear, definite and substantial reference to the documents." *Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 691 (S.D.N.Y. 2011) (internal quotation omitted). Moreover, these documents, which consist of SEC filings, news articles, and two federal

3

complaints, may be considered by the Court because Plaintiffs relied "on the materials in framing the complaint" and their "authenticity or accuracy" are "undisputed." *See Berkley v. City of New Rochelle*, 2022 WL 784018, at *2 (S.D.N.Y. Mar. 15, 2022) (citation omitted).

**B.      Judicial Notice of Exhibits 1-13 Is Appropriate**

The Court may also judicially notice all of the exhibits under Federal Rule of Evidence 201(b)(2).

*First*, Exhibits 1-3 and 7-8  should be judicially noticed because they are "documents filed with the SEC," "transcripts of companies' earnings calls," or "press release[s]." *Frankfurt-Tr. Inv. Luxemburg AG v. United Techs. Corp.*, 336 F. Supp. 3d 196, 205 (S.D.N.Y. 2018), a*ff'd sub nom. Kapitalforeningen Lægernes Inv. v. United Techs. Corp.*, 779 F. App'x 69 (2d Cir. 2019); *see also In re Ashanti Goldfields Sec. Litig.*, 184 F. Supp. 2d 247, 251 (E.D.N.Y. 2002) (taking judicial notice of SEC filings, and stating that, "[i]n addition to the facts alleged in the complaint, a court may take judicial notice of public disclosure documents filed with the SEC when considering a Rule 12(b)(6) motion"); *In re Express Scripts Holding Co. Sec. Litig.*, 2017 WL 3278930, at *8-10 (S.D.N.Y. Aug. 1, 2017) (taking judicial notice of SEC filings and press releases).  The Second Circuit has held that documents like these, which are "required to be filed with the SEC," may be judicially noticed as facts "'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (quoting FRE 201(b)(2)); *see Frankfurt-Tr. Inv.*, 336 F. Supp. 3d at 205 ("[I]n securities cases involving misrepresentation or misstatement claims, courts in the Second Circuit often take judicial notice of documents filed with the SEC . . . .") (citation omitted).  Defendants rely on these documents only to show what was stated therein, and not to prove the truth of their contents. However, as to Exhibit 7 specifically (the trading activity reports filed on Form 4 with the SEC), courts in this circuit "routinely take judicial notice of Form 4 filings at the motion to dismiss stage,

4

and consider them for the truth of their contents." *Abely v. Aeterna Zentaris Inc.*, 2013 WL 2399869, at \*22 (S.D.N.Y. May 29, 2013) (collecting cases); *Chapman v. Mueller Water Prods., Inc.*, 466 F. Supp. 3d 382, 411 (S.D.N.Y. 2020) (taking judicial notice of Forms 4 and relying on them for their truth).

*Second*, the Court may also take judicial notice of news articles (Exhibits 4-6), as Defendants seek judicial notice of "what the documents stated" rather than "to prove the truth of their contents." *Frankfurt-Tr. Inv.*, 336 F. Supp. 3d at 205 (internal quotation omitted); *see In re UBS Auction Rate Sec. Litig.*, 2010 WL 2541166, at \*10-12 (S.D.N.Y. June 10, 2010) (taking judicial notice of "several news items"); *see also Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (affirming district court's judicial notice of news articles and acknowledging that "other courts in this Circuit have taken judicial notice of substantially similar documents," including "website disclosures" and "media reports"); *Garber v. Legg Mason Inc.*, 347 Fed. App'x 665, 669 (2d Cir. 2009) (noting that courts may consider the fact of press coverage for the purpose of establishing whether corporate information was publicly available).

*Third*, Exhibits 9-11 are appropriate for judicial notice because they are court filings, and Defendants seek judicial notice of these items only to establish "the fact of such litigation and related filings." *See Kramer*, 937 F.2d at 774 ("[C]ourts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."); *see also Desir v. Fla. Cap. Bank, N.A.*, 377 F. Supp. 3d 168, 171 n.4 (E.D.N.Y. 2019) (taking judicial notice of court filings on motion to dismiss); *Nealy v. Berger*, 2009 WL 704804, at \*1 (E.D.N.Y. Mar. 16, 2009) (same); *AQ Consulting WLL v. Branca*, 2011 WL 240812, at \*1 (S.D.N.Y. Jan. 19, 2011) (same).

*Fourth*, Exhibit 12 should be judicially noticed because it is an investor presentation publicly available through TMC's website,[1] the authenticity of which cannot reasonably be questioned. *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) (taking judicial notice of information posted on the company's website, noting that "[f]or purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination'") (internal quotation omitted); *see also Finn*, 471 F. App'x at 32 (affirming district court order taking judicial notice of webpages and media reports); *Muller-Paisner v. TIAA*, 289 F. App'x 461, 466 n.5 (2d Cir. 2008) ("Judicial notice may be taken of a defendant's website for the fact of its publication."); *Volpe v. Am. Language Commc'n Ctr., Inc.*, 2016 WL 4131294, at *2 (S.D.N.Y. July 29, 2016) (taking judicial notice of information publicly available on party's website). Further, Defendants only seek judicial notice of Exhibit 11 to show that it contained cautionary language, not for the truth of its contents. *See Finn*, 471 F. App'x at 32 (judicial notice of website was proper because the district court "took judicial notice . . . for the purpose of establishing that the information was publicly available").

*Fifth*, the Court may also take judicial notice of historical stock prices (Exhibit 13). *See Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 166 n.8 (2d Cir. 2000) (a "district court may take judicial notice of well-publicized stock prices"); *Gagnon v. Alkermes PLC*, 368 F. Supp. 3d 750, 764 (S.D.N.Y. 2019) (holding that the price of a company's stock, "which is publicly listed on NASDAQ, is undoubtedly proper for judicial notice."); *see also In re Liberty Tax, Inc. Sec. Litig.*,

---

[1] The presentation contained in Exhibit 12 can be found at the following link: https://investors.metals.co/static-files/cbbbf70e-cc80-4cef-a18c-5e272d591756.

435 F. Supp. 3d 457, 461 (E.D.N.Y.) (taking judicial notice of company's stock price), *aff'd*, 828

F. App'x 747 (2d Cir. 2020).

## CONCLUSION

Defendants accordingly request that the Court deem Exhibits 1-6, 9, and 12 incorporated

by reference into the Complaint and/or take judicial notice of Exhibits 1-13.

Dated:  July 12, 2022

Respectfully Submitted,

**LATHAM & WATKINS LLP**

/s/ *Jeff G. Hammel*
Jeff G. Hammel
1271 Avenue of the Americas
New York, New York  10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Email:  jeff.hammel@lw.com

Colleen Smith (*admitted pro hac vice*)
12670 High Bluff Drive
San Diego, CA 92130-3086
Tel:  (858) 523-5400
Fax:  (858) 523-5450
Email:  colleen.smith@lw.com

Kristin N. Murphy (*admitted pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel:  (714) 540-1235
Fax:  (714) 755-8290
Email:  kristin.murphy@lw.com

*Attorneys for Defendants TMC the metals
company Inc. f/k/a Sustainable
Opportunities Acquisition Corp., Gerard
Barron, and Scott Leonard*